IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VICTOR WAYNE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:05-cv-885-MHT-VPM |
| ) | |
| SHERIFF JAY JONES, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF LINDA STEWART

STATE OF ALABAMA       )
                       )
COUNTY OF LEE          )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared LINDA STEWART, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Linda Stewart. I am over the age of nineteen and competent to execute this affidavit. I have been employed as a nurse with the Lee County Detention Facility for over four years. I am an L.P.N. and have been licensed for over twenty-years, having served as a nurse in the ICU and CCU in Cobb Hospital Emergency Room for fifteen-years. I taught Nursing Assistance Clinicals for two years at Career Institute. I collected medical information for the law firm of Bellamy and Jones for three years, and I was employed as the personal nurse for Doctor Hoffman, in Phenix City, Alabama, for twelve-years, prior to my coming to the Lee County Detention Facility.

2. I am familiar with the Plaintiff, Victor Wayne Bell, due to my having seen him on two occasions for medical treatment. I am not, however, familiar with the Plaintiff's allegations

concerning overcrowding, maintenance, or the food. As I do not have any responsibility or authority over these particular matters, I would have made one of the Jail officers or the Jail Administrator aware of his complaints had the Plaintiff complained to me about these matters. However, the Plaintiff made no such claims to me that I can recall.

3. Although the Plaintiff submitted 28 requests for Tylenol (or Motrin or Advil) and over-the-counter anti-acid medication, as well as being seen by me, never did the Plaintiff request to be placed on the dental list such that he would seen at the first available time by the Dentist. My records do not indicate that he was ever placed on the dental list, which would have been done had he made any requests for the same. If fact, the only medical request even related to a dental concern was regarding his need for Fix-a-Dent, which was obtained for him. Other than this one request, there was no other mention of any concern related to neither a dental problem nor a specific request to be seen by the dentist.

4. Likewise, never did I receive any complaint what-so-ever regarding the Plaintiff's blood pressure. Had the Plaintiff ever complained about hypertension or suggested that he might have suffered from high blood pressure, I would have examined him regarding the same and made the doctor aware of any concerns. This was, however, not the case as it was never mentioned to me, either verbally or in a written request, that he had any concern what-so-ever about his blood pressure.

5. With regard to the Plaintiff's spider bite, he was seen by Dr. McFarland the physician who attends to inmates at the Lee County Detention Facility, on July 6, 2005. Dr. McFarland prescribed medication for the Plaintiff, Septra DS, and noted that he was to be rechecked if needed. Apparently, the Plaintiff had no further problems with the infected area as no other requests to be seen by the Nurse or the Doctor regarding this particular matter was made.

2

Therefore, the Plaintiff's claim that he received "no kind of treatment" for the spider bite is complete baseless.

6. I swear, to the best of my present knowledge, information, and belief, that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

Linda Stewart

SWORN TO and SUBSCRIBED before me this 28th day of November, 2005.

NOTARY PUBLIC
My Commission Expires