IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **VICTOR WAYNE BELL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 3:05-cv-885-MHT-VPM** |
| | ) |
| **SHERIFF JAY JONES,** | ) |
| | ) |
|     **Defendant.** | ) |

### AFFIDAVIT OF CARY TORBERT, JR.

**STATE OF ALABAMA** )
)
**COUNTY OF LEE** )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared CARY TORBERT, JR., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Cary Torbert, Jr. I am over the age of nineteen and competent to execute this affidavit. I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major. I have worked with the Lee County Sheriff's Department for over 34 years.

2. I am familiar with the Plaintiff, Victor Wayne Bell, due to his incarceration in the Lee County Detention Facility. I do not, however, have any personal knowledge of the allegations made the basis of his Complaint. The Plaintiff's inmate jail file does not contain any written request or grievance concerning any of the allegations made by the Plaintiff in his Complaint.

3. Contrary to the Plaintiff's allegation that the "fire sprinkler system…seems to not be in working order," the sprinkler system is completely operational and has been, to best of my

knowledge, at all times during the Plaintiff's incarceration. Although the E-Block has been painted, and some paint may have accumulated on the sprinkler system, it did not render it inoperable in any way. In fact, the Fire Marshal inspects the Lee County Detention Facility sprinkler systems to ensure the safety of all inmates and officers as well as to ensure our compliance with our codes. At no time during the Plaintiff's incarceration did I receive any information that the sprinkler system was not operating or was thought to be inoperable.

4. The Plaintiff alleges that the commode in his cell ran over. Certainly, there are occasions when the toilets in the cell block run over; however, it is almost always due to inmate vandalism, as the inmates have been known to stuff any numbers of items, including toilet tissue, rags, t-shirts, materials stripped from bedding linens, bars of soap and other items in the toilet which cause them to over flow. When ever a toilet does over flow, the water is shut off and the commode is repaired as soon possible. Never have I received any kind of complaint, whatsoever concerning any problem with the commode in the Plaintiff's cell. Had I received such a complaint I would have investigated the matter and responded accordingly.

5. With regard to the Plaintiff's complaint of overcrowding, at times it is necessary – due to classification concerns for the separation of felons and misdemeanants and pre-trial detainees, movement of the inmates due to known enemies, separation of multiple defendants prior to trial and other concerns – that a cell may have additional inmates. In such instances, the additional inmates were provided mattresses, bedding linens, and blankets for sleeping.

6. Also, prior to Plaintiff's incarceration, cots were ordered such that during times of housing additional inmates in the cell block, their mattresses could be placed on the cots rather than the floor. Never has an inmate had to sleep on the floor that he was not provided with a mattress

and bedding linens. According to the Plaintiff's inmate file, never has he made any complaint, prior to the time of the filing of this lawsuit, about overcrowding or his sleeping arrangement.

7.   The menus are written out each month based on an original pre-approved menu. The menu is then taken by myself to the Auburn University Extension Office for review by a certified dietitian. The dietitian makes any necessary revisions to the menu, which I then adopt, and approves the menu as meeting all nutritional requirements. It is from this dietitian-approved place that all meals have been served to inmates in the Lee County Detention Facility over the past two years.

8.   Inmates receive ample amounts of dairy products, proteins and vegetables. Water is served to the inmates daily; also, inmates receive non-fat milk and fruit drinks, several times a week. Further, healthy portions are served at each meal. With regard to fruit, every Sunday the inmates receive an orange or an apple. Additionally, two times each week I serve peaches, pears, apples or baked apples with a meal.

9.   Never have I received any complaint from Mr. Bell regarding the food or any other concerns he had about meals at the Lee County Detention Facility. Had any complaint been made to me by Mr. Bell I would have addressed his concerns or discussed his complaint with Lt. Roberson. However, no such complaint has ever been made known to me by Mr. Bell.

10.   Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. The inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. At no time, however, did the Plaintiff file any grievances concerning any of the claims made in his Complaint. Had such a grievance been filed, it would have been acted

upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints). Further, never did I receive any written request form from the Plaintiff concerning any of these matters. Had the Plaintiff made a request concerning these matters there also would have been a response made to such complaints on the written request form. No such request can be found in the Plaintiff's inmate file.

11. All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

12. I swear, to the best of my present knowledge, information, and belief, that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Cary Tolbert, Jr.

SWORN TO and SUBSCRIBED before me this 5 day of November, 2005.

_____
NOTARY PUBLIC
My Commission Expires: _____

4